1   TRICIA M. DARBY, #7956
     S. PAUL EDWARDS, #10033
2   LEWIS AND ROCA LLP
     50 West Liberty Street, Ste. 410
3   Reno, Nevada 89501
     Telephone: (775) 823-2900
4   Facsimile: (775) 823-2929
     tdarby@lrlaw.com
5   pedwards@lrlaw.com

6   Attorneys for Trustee Anabelle Savage

7                **UNITED STATES BANKRUPTCY COURT**

8                       **DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: 07-51233-GWZ |
| A.L.D. COMPANY, INC., | Chapter 7 |
| Debtor. | Adversary No: _____ |
| | |
| ANABELLE SAVAGE, as TRUSTEE, | |
| Plaintiff, | **COMPLAINT** |
| v. | |
| PAUL DE NIO, an individual, ALICE DE NIO, an individual, LONDON LEWIS, an individual, MARIANNE LEWIS, an individual, BITRAGE INC., a Florida corporation, and JAMES J. DIONNE, an individual, | |
| Defendant. | |

ANABELLE SAVAGE, Trustee in the above captioned bankruptcy action (the "Plaintiff"), by and through her counsel, LEWIS and ROCA LLP., hereby complains of PAUL DE NIO, an individual, ALICE DE NIO, an individual, LONDON LEWIS, an individual, MARIANNE LEWIS, an individual, BITRAGE INC., a Florida corporation, and JAMES J. DIONNE, an individual, as follows:

\\\

1

102208.2

**JURISDICTIONAL ALLEGATIONS**

1.      On September 13, 2007, A.L.D. Company Inc., ("A.L.D.") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code.

2.      This case presents claims that are related to A.L.D.'s bankruptcy proceeding, which is pending with this Court.   Pursuant to 28 U.S.C. §§ 1334(b) and 157(a), this Court has jurisdiction over this matter.

3.      This is a core proceeding pursuant to 11 U.S.C. §§ 157(b)(2)(E), (F) and (H).

4.      This is an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001(1), which arises in and is related to the above-entitled case.

5.      This Court is the proper venue for this proceeding under 28 U.S.C. §§ 1409(a).

6.      Plaintiff Anabelle Savage is the duly appointed trustee of the Chapter 7 estate of A.L.D. pending before this Court as Case No. 07-51233-GWZ.

7.      Defendant(s) at all times relevant to the matters alleged herein, were, residents of Washoe County Nevada, or operated, or otherwise did substantial business with A.L.D., which is located in Washoe, County, Nevada.

**GENERAL ALLEGATIONS**

8.      At all times relevant to the matters alleged herein, A.L.D. was a Nevada corporation doing business in Washoe County, Nevada.

9.      A.L.D.'s primary business was the sale of law enforcement/military related equipment to various federal, state, local and private entities throughout the United States.

10.     A.L.D. sold pre-made products to its customers, as well as custom-manufactured products it ordered from other companies.

11.     At all times relevant to the matters alleged herein, Defendant Alice De Nio was the president, a director and a shareholder of A.L.D.

2

102208.2

12. At all times relevant to the matters alleged herein, Defendant Paul De Nio was the secretary, the treasurer, a director and a shareholder of A.L.D.

13. At all times relevant to the matters alleged herein, Defendant London Lewis was the vice president and an employee A.L.D.

14. At all times relevant to the matters alleged herein, Defendant Marianne Lewis was an employee of A.L.D.

15. Defendant Bitrage Inc. ("Bitrage") is a Florida corporation doing business in Jacksonville, Florida.

16. James J. Dionne is the president and chief executive officer and a shareholder of Bitrage.

17. James J. Dionne is a resident of Florida.

18. Bitrage, under the direction of James J. Dionne, performed custom manufacturing work for A.L.D.

19. In approximately May, 2007, A.L.D. entered a Quote for Equipment, and was awarded a contract (the "Contract") from the United States Army (the "Army") to provide custom-manufactured equipment.

20. A.L.D.'s Contract with the Army was for equipment and/or services related to the equipment valued in excess of $69,000.00.

21. A.L.D. performed its obligations under the Contract and payment was due to A.L.D. from the Army.

22. A.L.D. never received any payments from the Army pursuant to the Contract.

23. In or around August, 2007, Defendants directed the Army to pay Defendant Bitrage directly, some of the funds due to A.L.D. under the Contract.

3

102208.2

24.     In or around August, 2007, Defendants directed the Army to pay Defendant James J. Dionne directly, some of the funds due to A.L.D. under the Contract.

25.     In or around August, 2007, Defendants directed the Army to pay Defendant Paul De Nio directly, some of the funds due to A.L.D. under the Contract.

26.     The Army paid additional funds for equipment and services provided by A.L.D. pursuant to the Contract that were not received by A.L.D.

27.     Bitrage owes A.L.D. $19,000 in addition to the funds Bitrage wrongfully received directly from the Army that should have been paid to A.L.D.

28,     Plaintiff has been required to retain the services of the law firm of Lewis and Roca, LLP, to prosecute this action to recover A.L.D.'s damages for the acts described above and is entitled to reasonable attorneys' fees and costs therefor.

## FIRST CLAIM FOR RELIEF
## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS
(All Defendants)

29.     Plaintiff realleges each and every allegation contained in paragraphs 1–28, inclusive, and incorporates the same by reference herein.

30.     The Contract is a valid contract between A.L.D. and the Army.

31.     Defendants knew of the Contract.

32.     Defendants committed intentional acts intended or designed to disrupt the Contract.

33.     Defendants actually disrupted performance of the Contract by causing A.L.D. not to be paid for equipment and services it provided to the Army pursuant to the Contract.

34.     Plaintiff sustained damages as a result of Defendants' intentional interference with A.L.D.'s contractual relations with the Army.

\\

\\

4

102208.2

**SECOND CLAIM FOR RELIEF**
**CONVERSION**
(All Defendants)

35.    Plaintiff realleges each and every allegation contained in paragraphs 1–34 inclusive, and incorporates the same by reference herein.

36.    Defendants, and each of them, committed a distinct act of dominion and wrongfully exerted control over personal property belonging to A.L.D.

37.    Defendants' acts denied or were inconsistent with A.L.D.'s right to receive payment for the equipment and services it provided to the Army.

38.    Defendants' acts were in derogation, exclusion, or defiance of A.L.D.'s right to receive payment for the equipment and services it provided to the Army pursuant to the Contract.

39.    Defendants' conversion of A.L.D.'s property caused injury and damage to A.L.D. in an amount to be proven at the trial in this matter.

**THIRD CLAIM FOR RELIEF**
**(BREACH OF FIDUCIARY DUTY**
(Paul De Nio, Alice De Nio and London Lewis)

40.    Plaintiff realleges each and every allegation contained in paragraphs 1–39, inclusive, and incorporates the same by reference herein.

41.    Paul De Nio, Alice De Nio, and London Lewis were officers of A.L.D. at all relevant times referenced herein.

42    Paul De Nio and Alice De Nio were directors of A.L.D. at all relevant times referenced herein.

43.    As officers and/or directors of A.L.D., Paul De Nio, Alice De Nio, and London Lewis owed a fiduciary duty to A.L.D.

102208.2

44. As fiduciaries, Paul De Nio, Alice De Nio and London Lewis owed A.L.D. a duty of candor, good faith, loyalty and honesty, which included an obligation to not perform their duties or use their authority for their own personal gain or in contravention of A.L.D.'s interests.

45. Paul De Nio, Alice De Nio, and London Lewis breached their fiduciary duties by usurping or misdirecting money that belonged to A.L.D. for their own use, benefit and interests.

46. As a result of Paul De Nio, Alice De Nio, and London Lewis's breach of their fiduciary duties, A.L.D. has been damaged in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
### CONSTRUCTIVE FRAUD
(Paul De Nio, Alice De Nio, and London Lewis)

47. Plaintiff realleges each and every allegation contained in paragraphs 1–46, inclusive, and incorporates the same by reference herein.

48. Defendants Paul De Nio, Alice De Nio, and London Lewis owed a fiduciary duty to A.L.D.

49. Defendants Paul De Nio, Alice De Nio, and London Lewis breached their fiduciary duty by making false representations to the Army regarding payments owed to A.L.D.

50. Said Defendants knew or believed their representations to be false, or had an insufficient basis of information for making said representations,

51. Defendants made false representations to the Army intending to induce the army to bypass A.L.D. and pay A.L.D. monies to other parties, and the Army justifiably relied on Defendants' misrepresentations,

52. As a result of Defendants Paul De Nio, Alice De Nio, and London Lewis's breach of their fiduciary duties and false representations, A.L.D. was damaged in an amount to be proven at trial.

6

102208.2

## FIFTH CLAIM FOR RELIEF
### CONSPIRACY
(All Defendants)

53.    Plaintiff realleges each and every allegation contained in paragraphs 1–52, inclusive, and incorporates the same by reference herein

54.    Defendants acted in concert to intentionally accomplish the wrongful and unlawful objective of misdirecting and converting money that belongs to A.L.D. and that should have gone to A.L.D., but was instead transferred to other parties, including, Paul De Nio, Bitrage or James J. Dionne.

55,    Defendants' acts were intended to harm A.L.D.

56.    A.L.D. sustained damages resulting from Defendants' acts.

## FIFTH CLAIM FOR RELIEF
### CONCERT OF ACTION
(All Defendants)

57.    Plaintiff realleges each and every allegation contained in paragraphs 1–54, inclusive, and incorporates the same by reference herein.

58.    As set forth above, Defendants, and each of them, agreed and acted in concert to convert and wrongfully and tortuously direct funds that rightfully belong to A.L.D. to other parties, including Paul De Nio, Bitrage, and James J. Dionne.

59.    A.L.D. sustained damages resulting from Defendants' acts.

60.    Plaintiff has been required to retain the services of the law firm of Lewis and Roca, LLP, to prosecute this action to recover A.L.D.'s damages and is entitled to reasonable attorneys' fees and costs therefore.

///

///

///

7

102208.2

### SIXTH CLAIM FOR RELIEF
### UNJUST ENRICHMENT
(Paul De Nio, Bitrage And James J. Dionne)

61.     Plaintiff realleges each and every allegation contained in paragraphs 1–60, inclusive, and incorporates the same by reference herein.

62.     As set forth above, Defendants Paul De Nio, Bitrage, and James J. Dionne have unjustly received money or property that belongs to and should have been paid to A.L.D.

63.     Said Defendants have wrongfully retained A.L.D.'s money or property without justification and against the fundamental principles of justice or equity and good conscience.

64.     A.L.D. has been damaged as a result of Defendants' unjust enrichment.

65.     Plaintiff has been required to retain the services of the law firm of Lewis and Roca, LLP, to prosecute this action to recover A.L.D.'s damages and is entitled to reasonable attorneys fees and costs therefor.

### SEVENTH CLAIM FOR RELIEF
### TURN OVER PROPERTY – 11 U.S.C. § 542
(All Defendants)

66.     Plaintiff realleges each and every allegation contained in paragraphs 1–65, inclusive, and incorporates the same by reference herein.

67.     The money and other property converted or otherwise wrongfully held by Defendants constitutes money or property that Plaintiff could use, sell, or lease, pursuant to the provisions of 11 U.S.C. § 363.

68.     Pursuant to 11 U.S.C. § 542(a), a person in custody or control of property a trustee could use, sell or lease pursuant to 11 U.S.C. § 363, shall deliver the same to the trustee and account for such property.

102208.2

69.    Defendants who are in possession or control of any money or property that belongs to A.L.D., or that the trustee could use, sell, or lease, are obligated to return said money or property to Plaintiff and to account for all such money or property.

70.    A.L.D. has been damaged by Defendants' failure to turn over the money or property in their possession that belongs to A.L.D.'s bankruptcy estate.

**EIGHTH CLAIM FOR RELIEF**
**TURN OVER PROPERTY – 11 U.S.C. § 542**
(Bitrage, Inc. and James Dionne)

71.    Plaintiff realleges each and every allegation contained in paragraphs 1–70, inclusive, and incorporates the same by reference herein.

72.    The $19,000.00 Bitrage and James Dionne owe A.L.D. is property of the estate that is matured, and is presently payable to A.L.D.

73.    Pursuant to 11 U.S.C. § 542(b), a person that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to the trustee.

74.    Bitrage and James J. Dionne are obligated to turnover the funds in their possession that are owed to A.L.D.

75.    A.L.D. has been damaged by Bitrage and James J. Dionne's failure to pay money that belongs to the estate.

**NINTH CLAIM FOR RELIEF**
**AVOIDANCE OF PREFERENCE – 11 U.S.C. § 547**
(Paul De Nio, Bitrage and James J. Dionne)

76.    Plaintiff realleges each and every allegation contained in paragraphs 1–75, inclusive, and incorporates the same by reference herein.

77.    In the alternative, and as set forth above, if Paul De Nio, Bitrage, or James J. Dionne received the funds at issue in this case for their benefit, and on account of a debt owed to

9

them by A.L.D., Plaintiff alleges that said transfer(s) occurred while A.L.D. was insolvent and within 90 days before A.L.D. filed its petition.

78.    Plaintiff further asserts that the money Defendants received exceeds what they otherwise would have been entitled to receive from A.L.D.'s bankruptcy estate.

79.    Defendant Paul De Nio is an insider of A.L.D. as that term is used in 11 U.S.C. § 547.

80.    Arranging for the funds at issue to bypass A.L.D. and go directly to the Defendants was not a matter within the ordinary course of A.L.D.'s business, nor were the transfers to Defendants, according to A.L.D.'s ordinary business terms.

81.    Those transfers constitute preferences under 11 U.S.C. § 547 and are avoidable by Plaintiff in her capacity as Trustee of A.L.D.'s estate.

82.    Plaintiff believes, based on information, additional preference payments may have occurred during the time periods relevant to this action.

WHEREFORE, Plaintiff prays that judgment be entered against Defendants as follows:

1.    For findings and an order awarding A.L.D. its damages in an amount to be proven at trial;

2.    For an order pursuant to 11 U.S.C. § 542 directing all Defendants to return or disgorge any and all money or property that belongs to A.L.D.;

3.    For an order pursuant to 11 U.S.C. § 547 voiding any preferential payments received by Defendants;

4.    For costs of suit herein;

5.    For reasonable attorneys' fees;

6.    For such other and further relief as the Court deems just and proper.

102208.2

DATED this *18* day of March, 2009.

LEWIS and ROCA, LLP

By: *S. Paul Edwards*
      TRICIA M. DARBY, #7956
      S. PAUL EDWARDS, #10033
      LEWIS AND ROCA LLP
      50 West Liberty Street, Ste. 410
      Reno, Nevada 89501
      Telephone: (775) 823-2900
      Facsimile: (775) 823-2929

      pedwards@lrlaw.com

11

102208.2